[Civ. No. 7648.   Third Dist.   Sept. 29, 1949.]

Estate of MARY ELIZABETH SELB, Deceased.   EDWARD C. SELB, Appellant, v. BERTHA ELIZABETH MORRIS, as Administratrix with the Will Annexed, etc., Respondent.

C. Ray Robinson, W. Eugene Craven and Margaret A. Flynn for Appellant.

Vernon F. Gant and Carlos J. Badger for Respondent.

SCHOTTKY, J. pro tem.—This is an appeal from an order appointing respondent the administratrix with the will annexed of the estate of her mother, and another order allowing her the costs she incurred in an unsuccessful contest of the will.

Mary Elizabeth Selb died September 12, 1945, at the age of 93 years, leaving a will dated March 18, 1944, in which she named her son, Theodore Selb, executor. Probate of said will was contested by decedent's daughter, Bertha Elizabeth Morris, respondent here, on the ground that decedent was not of sound mind when she executed same and that she was under the undue influence of her said son. The cause was tried before a jury which returned a verdict that decedent was not induced to sign the alleged will by means of undue influence, but that at the time of its execution she was not of sound and disposing mind. An appeal was taken and this court reversed the judgment and ordered that the will be admitted to probate (84 Cal.App.2d 46 [190 P.2d 277]). Under the terms of the will any person contesting it forfeited any interest in the estate of decedent, and respondent here is in the position of a person who has no interest in the estate.

In conformity with the directions of this court the will was admitted to probate and the petition of respondent's brother, Theodore Selb, for letters testamentary was granted. However, he died before issuance of such letters, and his son, the

appellant, who is his executor and one of his heirs, filed a petition for the issuance to him of letters with the will annexed. Before the hearing on said petition a like petition was filed by respondent, who also filed objections to the appointment of appellant. Thereafter respondent made a motion for the allowance to her, out of the funds of the estate, of the costs incurred by her in her contest of the will, amounting to $413.27. The trial court heard all of these petitions and motions at the same time and thereafter made its orders that letters of administration with the will annexed be issued to respondent and that her cost bill be allowed.

Appellant makes two main contentions upon this appeal: I. Letters of administration cannot be issued to one who has an interest adverse to the estate and who is not entitled to succeed to any portion thereof. II. An unsuccessful contestant of a will cannot be allowed costs against the estate. We shall discuss these contentions in the order of their statement.

Under section 406 of the Probate Code, when the person named as executor of a will dies before letters testamentary are issued or before the administration of the estate is completed, letters of administration with the will annexed shall be issued. Section 409 provides that ''Persons are entitled to appointment as administrators with the will annexed in the same order of priority as in the appointment of administrators.'' And section 422, so far as pertinent here, provides:

''Administration of the estate of a person dying intestate must be granted to one or more of the following persons, who are entitled to letters in the following order, the relatives of the decedent being entitled to priority only when they are entitled to succeed to the estate or some portion thereof:

'' (1) The surviving spouse, or some competent person whom he or she may request to have appointed.

'' (2) The children.

'' (3) The grandchildren.''

It is by virtue of said subdivision (2) that respondent claims priority over appellant. Appellant argues that such priority is not available to respondent since she cannot, and is not entitled to, ''succeed'' to any portion of her mother's estate.

Appellant, as grandson, does not succeed to any portion of Mrs. Selb's estate, either under her will or by succession, but takes through his father who was the only person entitled to succeed to her estate under her will. Therefore, the appellant succeeds through his father and not directly through his grandmother, Mrs. Selb. Respondent cannot claim priority under

section 422 for the reason that since she could not take under Mrs. Selb's will, she is not entitled to letters. (*Estate of Cook,* 173 Cal. 465, 472 [160 P. 553], citing *Estate of Crites,* 155 Cal. 392 [101 P. 316].)

In *Estate of Sayers,* 203 Cal. 753, 756 [265 P. 924], the court cited the Cook and Crites cases and said: "One taking nothing at all under a will is not, under these sections [like § 422], entitled to letters."

Respondent being eliminated, so far as priority is concerned, the next question is whether appellant was entitled to letters. It seems he, too, is eliminated as to priority under section 422. He would be entitled to succeed under his father, but not under his grandmother, Mrs. Selb, for the reason his father died after his grandmother. It has been decided that under such circumstances he is not entitled to letters. (*Estate of Edson,* 143 Cal. 607 [77 P. 451], and cases therein cited, particularly the leading case of *Estate of Wakefield,* 136 Cal. 110 [68 P. 499], which is cited by both appellant and respondent and which applies to appellant.) Those cases are cited in 11A California Jurisprudence, section 210, page 303. Therefore, it appears that the public administrator was entitled to priority under section 422; but since he did not apply, the question remains, which of two persons applying is entitled to letters when neither has priority?

Section 427 of the Probate Code reads:

"Administration must be granted to any competent applicant, when the persons having priority fail to claim letters for themselves."

In neither petition for letters nor the objections thereto was the competency of either applicant put in issue. Both claimed by virtue of "priority," and, as hereinbefore pointed out, neither is entitled on the basis of priority. There is no issue as to the general competency of either appellant or respondent.

Section 425 provides in part as follows: "When there are several persons equally entitled to administer, the court may grant letters to one or more of them. . . ." Section 425 was section 1367 of the Code of Civil Procedure, and concerning it, in *Estate of Olcese,* 210 Cal. 262, 266 [291 P. 193], the court said: "Had each one of the sisters applied for letters the court would have been authorized to use its discretion in making an appointment (section 1367)."

In 1 Bancroft's Probate Practice 463, speaking of section

425 it is said: "The court is thus given an opportunity in such instances to exercise discretion in selecting its appointee."

The 1943 pocket part to the same work cites cases from other jurisdictions holding that as between applicants equally entitled, it rests in the discretion of the court to determine which applicant shall be appointed.

The question which we must here determine is: Did the trial court abuse its discretion in appointing respondent instead of appellant? As was said in the early case of *Lybecker* v. *Murray,* 58 Cal. 186, at page 189:

". . . Under no circumstances is the discretion of the Court to be exercised arbitrarily, but it is a discretion, governed by legal rules, to do justice according to law or to the analogies of the law, as near as may be. . . . It must be exercised within the limitations above stated to promote substantial justice in the case."

In *Fine* v. *Fine,* 76 Cal.App.2d 490 [173 P.2d 355], the court said at page 495:

"In determining the question as to whether an abuse of discretion occurred in this case, we have in mind the language employed in *Clavey* v. *Lord* (1891), 87 Cal. 413 [25 P. 493], where the court said (p. 419): 'The only limitation that the law has placed upon the exercise of discretionary judicial power is, that it must not be abused. While it may be difficult to define exactly what is meant by abuse of judicial discretion, and whatever it may imply as to the disposition and motives of the judge, it is fairly deducible from the cases that one of its essential attributes is, that it must plainly appear to effect injustice.' (See, also, *Hale* v. *Hale* (1935), 6 Cal.App.2d 661, 663 [45 P.2d 246].)"

In *Berry* v. *Chaplin,* 74 Cal.App.2d 652, 672 [169 P.2d 442], hearing in Supreme Court denied, the court said:

"In a legal sense discretion is abused whenever in the exercise of its discretion the court exceeds the bounds of reason, all of the circumstances before it being considered. (*Makzoume* v. *Makzoume,* 50 Cal.App.2d 229, 231 [123 P.2d 72].) An abuse of discretion is never presumed but must be affirmatively established by the party complaining of the provisions of the order. [Cases cited.] The burden is on the party complaining of the order to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice an appellate court will not substitute its opinion and thereby divest the trial court of its discretionary power. [Cases cited.]"

In both of the cases last quoted from a hearing was denied by the Supreme Court.

It should be borne in mind that respondent and Theodore Selb were the only children and heirs of decedent; that she was at the time of her death the owner of a farm in Missouri and property in California consisting of a home located on a 5-acre tract about 5 miles from Modesto, a small amount of cash and personal belongings located in the home. For about 13 years prior to her death her son had resided with her on the home place, he having in 1921 suffered a permanent totally disabling industrial accident for which he was drawing compensation. By the terms of her will the farm in Missouri was devised to the son and daughter in equal shares, and respondent daughter was given $500 in cash to be raised from the property in California. The residue was left to the son. It would appear from the foregoing that the will was in no sense an unnatural one, but respondent contested it upon the grounds of undue influence and unsoundness of mind. The jury found against her on the first ground and this court determined that there was not sufficient evidence to justify a finding of unsoundness of mind. Under the terms of decedent's will respondent forfeited any interest in the estate by her contest.

We have, then, a situation where a daughter who, by reason of her contest of the will has no interest in the estate, has been appointed administratrix with the will annexed in preference to the son of a deceased son, when the entire estate of decedent will go to the estate of the deceased son. There is no issue raised as to the general competency of both applicants for letters, and the only question is whether the trial court abused its discretion in appointing respondent. We are convinced that, taking all the facts and circumstances of the instant case into consideration, there was such an abuse of discretion. As was said in *Berry* v. *Chaplin, supra*: "In a legal sense discretion is abused whenever in the exercise of its discretion the Court exceeds the bounds of reason, all of the circumstances before it being considered." We believe that, taking into consideration the size and nature of the estate, the naturalness of the will of decedent, the unsuccessful contest of the will by the respondent, the fact that she had forfeited her interest in the estate, and the further fact that appellant was the son and administrator of the estate of the person to whose estate the entire estate would ultimately be distributed, it was unreasonable and unjust for

the court to appoint respondent instead of appellant and thus permit her to direct and control the administration of the estate and receive the commissions and benefits that accrue to an administratrix. We do not believe that the term ''judicial discretion'' is broad enough to sustain such a determination, and we, therefore, conclude that such order should be reversed.

█ The final contention of appellant is that the trial court abused its discretion in awarding to respondent the costs of her unsuccessful contest of the will.

Section 1232 of the Probate Code, which is a virtual re-enactment of the former Code of Civil Procedure, section 1720, reads as follows:

''When not otherwise prescribed by this code or by rules adopted by the Judicial Council, either the superior court or the court on appeal, may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require.''

In the case of *Estate of Bump*, 152 Cal. 271 [92 P. 642], the trial court allowed the widow of decedent, an unsuccessful contestant of the will, her costs of said contest and an appeal followed. In affirming the order our Supreme Court said, at page 273:

''Section 1720 of the Code of Civil Procedure provides that in probate proceedings in general the superior court 'may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require.' We can conceive of cases in which the duty of a widow, or other person entitled to administration of an estate in case of intestacy, to contest the probate of an alleged will, might be as plain and urgent under the circumstances known to such person, as would be the duty of an executor already appointed, or one nominated as executor, in a will offered for probate, or a legatee thereunder, to oppose a contest and endeavor to establish such will. The provision of the code above quoted is very general in its terms and applies as well to a party contesting a will as to one proposing it. It puts the entire matter of costs within the sound discretion of the court, and we think it must be held that such discretionary power extends to and includes the case of an unsuccessful contestant. It is proper to say, however, that such cases must be rare and the circumstances must be peculiar indeed to justify such an order in favor of a contestant who has failed, and that, as this court under its rules is sometimes compelled to sustain a discretionary order where

it has grave doubts of its propriety, the trial court should use great caution and make such orders only in very extreme cases presenting great hardship and where it appears that the contestant has acted in the utmost good faith throughout the proceeding.

"There is here no attempt to set forth the circumstances and have this court decide whether or not the discretion was abused. The case is presented upon the proposition that the power does not exist in any case, or under any circumstances, to make the costs of an unsuccessful contest payable out of the assets of the estate. The presumptions are all in favor of the action of the court below. The power exists and in the absence of any showing to the contrary we must presume that it was properly exercised."

In *Estate of Yoell,* 160 Cal. 741, 743 [117 P. 1047], an order allowing costs to an unsuccessful contestant of a will was reversed, the court saying:

"It is proper to add, in contemplation of the fact that the law (with but few restrictions) permits a person to dispose of his property by will in such manner as he sees fit; that another law which permits one to contest the will and perhaps lay bare the secrets of a testator's life, and to cloud his reputation after his death, and then permits him to recover all his costs even when his efforts so to destroy the will have proved futile, is exceptional in that it takes one man's property and bestows it upon another, when that other has been making an unsustained attack upon the testamentary act of the person whose estate is thus compelled to pay for the attack."

Also, see, *Estate of Marcus,* 14 Cal.App.2d 254, 257 [58 P.2d 385], where the court quoted from the opinion in *Estate of Bump, supra:* "The circumstances must be peculiar indeed to justify such an order in favor of a contestant who has failed."

It must be borne in mind that the will in the instant case provided that any person contesting it should forfeit any interest in the estate, and that to grant respondent the costs of her unsuccessful contest out of the assets of the estate would be contrary to the express terms of the will. In *Estate of Bump, supra,* the proposition presented was that the power did not exist in any case or under any circumstances to make the costs of an unsuccessful contest payable out of the assets of the estate, and there was no contention that the court abused its discretion. Furthermore, the facts and circum-

stances in that case were quite different, and we are unable to agree with respondent that the trial court did not abuse its discretion in this case in making the order allowing her costs. Section 1232 of the Probate Code permits the court to order costs to be paid out of the assets of the estate "as justice may require." We are convinced that the order allowing costs to respondent was not only not required by justice, but that such an order was unjust under the facts and circumstances of the instant case, and that it must be considered an abuse of judicial discretion.

In view of the foregoing we conclude that the order appointing respondent administratrix with the will annexed should be and the same is hereby reversed with directions to grant letters of administration with the will annexed to appellant; and that the order allowing respondent the costs she incurred in her contest of the will should be and the same is hereby reversed.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied October 22, 1949, and respondent's petition for a hearing by the Supreme Court was denied November 21, 1949. Carter, J., voted for a hearing.