[Civ. No. 19056.    Second Dist., Div. One.    June 8, 1953.]

Estate of ELLEN E. KNOWLTON, Deceased.    GROVER C. HENDRICKS, Appellant, v. DAVID WALDO KNOWLTON, JR., as Administrator, etc., Respondent.

James B. Salem, Evert Arnold and Girard F. Baker for Appellant.

Norris Montgomery for Respondent.

SCOTT (Robert H.), J. pro tem.—This is an appeal from an order appointing respondent administrator with will annexed of the estate of his mother, and an appeal from an order denying petition of appellant for appointment as such administrator. Appellant also seeks to appeal from an order transferring the case from the County of Los Angeles to the County of Santa Barbara.

Ellen E. Knowlton, decedent, died October 28, 1949, leaving a will dated February 6, 1939, and a codicil dated September 29, 1944. In her will of 1939, she set out that she had two sons, one of them being respondent David Waldo Knowlton, Jr. To him, in Article V of the will, she bequeathed substantially all of her estate, and in Article VII named him as executor without bond. Article VI forfeited the right of anyone contesting the will to share in the estate, except for the sum of $1.00.

The codicil of 1944 revoked Articles V and VII and substituted appellant as trustee in lieu of respondent as legatee under the will. The effect of this was to withdraw her appointment of respondent as executor and to provide that he should receive a small income as beneficiary under the testamentary trust which was to be administered by appellant as trustee. Respondent opposed the admission to probate of the codicil, but did not prevail. Both will and codicil were admitted to probate. Respondent concedes that because of his unsuccessful contest he is disqualified to receive the benefits of the trust and makes no claim to receive any other portion of his mother's estate.

The question for determination in this case is whether the trial court abused its discretion in appointing respondent instead of appellant as administrator with will annexed of the estate of decedent. ██ Under Probate Code section 422, neither party was entitled to priority. Reliance is placed by appellant on the case of *Estate of Selb*, 93 Cal.App.2d 788 [210 P.2d 45]. The facts of that case, as set out on page 793, are as follows: Decedent had two children who were her only heirs, a son and a daughter. At the time of her death she owned a farm in Missouri and property in California consisting of a home located on a 5-acre tract, a small amount of cash and personal belongings located in the home. For about 13 years prior to her death her son had resided with her on the home place. By the terms of her will the farm in Missouri was devised to the children in equal shares, and the daughter was given $500 in cash, the residue going to the son. The daughter contested the will on the grounds of incompetency and undue influence. She did not prevail and under the terms of the decedent's will forfeited any interest in the estate by her contest. The will was admitted to probate and petition of decedent's son for letters testamentary was granted. He died before the issuance of such letters, and in turn his son, grandson of decedent, filed a petition for the issuance to him of letters with the will annexed. This grandson was the executor of his father's estate and one of his heirs. The situation, therefore, was one in which the daughter who, by reason of her contest of the will, had no interest in the estate, and the grandson, whose interest was derived through his father's estate and not directly as an heir of his grandmother, were both seeking appointment to administer the estate with the will annexed. The daughter was appointed by the probate court, and on appeal after reciting the above facts, the appel-

late court concluded that "taking into consideration the size and nature of the estate, the naturalness of the will of decedent, the unsuccessful contest of the will by the respondent, the fact that she had forfeited her interest in the estate, and the further fact that appellant was the son and administrator of the estate of the person to whose estate the entire estate (of the grandmother) would ultimately be distributed, it was unreasonable and unjust for the court to appoint respondent (daughter) instead of appellant (grandson) and thus permit her to direct and control the administration of the estate and receive the commissions and benefits that accrue to an administratrix." (*Estate of Selb*, 93 Cal.App.2d 788, 793 [210 P.2d 45].)

From a comparison of the facts it is evident that the case of the *Estate of Selb* is readily distinguishable from the case now under consideration. ▪ In the instant case respondent was the favored of two sons of deceased. In the original will she left him substantially all of her estate and named him executor. The provisions as to forfeiture in case of contest obviously were not directed at respondent, who could have no reason to oppose its admission to probate, but seemed to have been intended to safeguard his rights under the will. In the codicil the designation of her son as executor is withdrawn but no other person is named to thus serve. Appellant is entrusted with the estate to handle it for the benefit of respondent and the latter's son under provisions which suggest that if testatrix had intended him to be appointed administrator of the estate she would have included that direction in her codicil. From affidavits included in the record and to which our attention is invited it is apparent that deceased and respondent, up to the time of her death, were mutually affectionate and devoted. The mother's intention, in the codicil, was not to deprive her son of the benefits of her estate, but to assure that he would have a lesser benefit over a longer period of time, with respondent's son receiving any residual benefits in case of his father's death. It is doubtful whether decedent was fully aware of the legal effect of the codicil in republishing the punitive provisions of the original will so that her son's resistence to the time and manner in which the benefits of her estate were to be received would result in depriving him of those very benefits which she wanted him to have. Respondent's son, under the provisions of the will and codicil now admitted to probate, will receive the income and eventually any remaining property in the testamentary trust

estate. No valid reason can be urged why there is or should be any hostility or antagonism in the relationship between respondent and his own son.

An abuse of discretion is never presumed but must be affirmatively established by the party complaining of the provisions of the order. The burden is on the party complaining of the order to establish an abuse of discretion and unless a clear case of abuse is shown and unless there has been a miscarriage of justice an appellate court will not substitute its opinion and thereby divest the trial court of its discretionary power. (*Berry* v. *Chaplin,* 74 Cal.App.2d 669, 672 [169 P.2d 453].)

Appellants endeavor to appeal from the order of the Los Angeles court granting the motion for change of venue. The order of transfer was dated February 2, 1950. The date of filing of the order, which would be the "date of entry" of the order, is not shown. Of necessity, it was prior to March 10, 1950, on which latter date an "amended and supplemental petition for probate of will and codicil" was placed on the hearing calendar in the Santa Barbara court. The notice of appeal from the orders relating to the appointment of administrator and including the attempted appeal from the order granting motion for change of venue is dated October 31, 1951.

The latter order changing the place of trial was and is an appealable order (Code Civ. Proc., § 963, subd. 2). Rule 2(a) of Rules on Appeal allows 60 days within which the appeal may be filed, following the entry (filing) of the order. (See 3 Cal.Jur.2d 657, and 36 Cal.2d 1.) Having failed for more than a year thereafter to appeal from the order changing the place of trial, the attempted appeal therefrom at this time is ineffectual and it is therefore dismissed.

The order appointing respondent as administrator with the will annexed, and the order denying petition of appellant for letters testamentary are affirmed.

White, P. J., and Doran, J., concurred.