[Civ. No. 20549. Second Dist., Div. One. Apr. 25, 1955.]

Estate of WILLIAM JAMES BERTIE, Deceased. WILLIAM JAMES BERTIE, JR. et al., Appellants, v. ANN MARIE NEWMAN, Respondent.

Wallace & Wallace, W. W. Wallace and A. W. Wallace for Appellants.

Albert G. Bergman for Respondent.

WHITE, P. J.—The instant appeal was taken by decedent's son and wife from the judgment dated March 15, 1954, which overrules their contest of decedent's will and codicil presented for probate by Ann Marie Newman; admits to probate decedent's will dated February 23, 1949, and his codicil thereto dated October 3, 1952; appoints said Ann Marie Newman administratrix with the will annexed; revokes the order made on or about April 21, 1953, admitting to probate decedent's will of August 12, 1948 and appointing decedent's said son as administrator with the will annexed and revokes the

letters of administration with the will annexed issued to said son thereunder; and provides that said Ann Marie Newman "recover from the contestants . . . her costs of contest herein incurred. . . ."

The findings of the trial court disclose facts as follows: That at the time the will and codicil were made by decedent, he was about 75 years of age and "was of sound and disposing mind and not acting under duress, menace, fraud or undue influence and was in every respect competent by last will to dispose of his estate." That appellants "are the only heirs at law of the said decedent." That for many years decedent was visited almost every day by Ann Marie Newman and part of the time he lived in the Newman home with said Ann Marie Newman, her husband and baby. That decedent did not become dependent upon said Ann Marie Newman and he neither asked for nor received from her advice or assistance in the handling of his business or the making of his will or codicil or in connection with his changes of residence. The court further found:

"That it is true that the above named proponent Ann Marie Newman is not related in any manner to decedent. That it is not true, as alleged, that she is not entitled to Letters of Administration with the Will Annexed of the said estate, or to succeed to any interest therein as an heir at law, or otherwise.

"The Court further finds in said respect that although the contestant, Annie Bertie is the widow of William James Bertie, deceased, and the contestant, William James Bertie, Jr., is the only son of William James Bertie, deceased, they were not by or under the terms or provisions of the Last Will and Testament of William James Bertie, deceased of February 23, 1949, and his Codicil thereto of October 3, 1952, entitled to succeed to his estate or any portion thereof, but that the proponent, Ann Marie Newman was and is the sole legatee and devisee thereunder and therein and that said Last Will and Testament and Codicil devised and bequeathed the entire estate of said decedent to said Ann Marie Newman, who is entitled to Letters of Administration with the Will Annexed of and in said estate."

Large portions of the briefs on this appeal consist of discussions of alleged "facts" outside the record. Although the trial before the court without a jury consumed seven days, the "Reporter's Transcript on Appeal—(Partial)" is only 41 pages, six of summation by the court at the end of the

trial, and 35 of discussion of the law respecting the appointment of respondent as administratrix with the will annexed.

Appellants' opening brief "presents the following points supporting his contention that the judgment should be reversed.

"1. Annie Bertie was entitled to succeed to some portion of the estate, and therefore had the right to request that her son be appointed administrator.

"2. If Annie Bertie did not succeed to some portion of the estate of her deceased husband, then she was a creditor, and as a creditor had a right to letters herself or to nominate someone in her stead." A careful examination of the entire record on this appeal fails to disclose that Annie Bertie was or is entitled to succeed to any portion of decedent's estate. Likewise, the record before us contains no showing that Annie Bertie was or is a creditor of said estate.

The administration of the estate of a person dying intestate *must be granted* to persons of certain classes in a certain order, *"the relatives of the decedent being entitled to priority only when they are entitled to succeed to the estate or some portion thereof."* (Prob. Code, § 422.) Administration *may be granted* to other competent persons at the written request of the person entitled to the same. (Prob. Code, § 423.) ". . . Persons are entitled to appointment as administrators with the will annexed in the same order of priority as in the appointment of administrators . . ." (Prob. Code, § 409.)

Ignoring the "statement of facts" of appellants and respondent alike, insofar as such "facts" have no basis in the record on appeal, all of the parties to the appeal are of the same class under said section 422, expressed as "(10) Any person legally competent." "When there are several persons equally entitled to administer, the court may grant letters to one or more of them . . ." (Prob. Code, § 425.) "The court is thus given an opportunity in such instances to exercise discretion in selecting its appointee." (*Estate of Selb*, 93 Cal.App.2d 788, 792 [210 P.2d 45].) Therefore, the question for determination on this appeal is whether the trial court's appointment of respondent, instead of appellant, was an abuse of discretion.

On appeal it will never be presumed that the trial court has abused its discretion. In the absence of proof of an abuse of discretion and a showing that such abuse has resulted in a miscarriage of justice, this court will not substitute its opinion for that of the trial court. (*Estate of*

*Knowlton*, 118 Cal.App.2d 374, 378 [257 P.2d 1031] ; *Berry* v. *Chaplin*, 74 Cal.App.2d 669, 672 [169 P.2d 453].)   No such showing has been made by appellants in the instant appeal.

The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.