[Civ. No. 18429. First Dist., Div. Two. Dec. 1, 1959.]

Estate of HARRIET STOLLE WADE, Deceased. JUAN-
ITA S. NOVOTNY et al., Appellants, v. PHYLLIS D.
WADE, Respondent.

Livingston & Borregard, Lawrence Livingston and Isabella H. Grant for Appellants.

Christin & Davis, Charles A. Christin and Leonard J. R. Davis for Respondent.

DOOLING, Acting P. J.—Juanita S. Novotny and Paul G. Stolle appeal from an order appointing Phyllis D. Wade (hereafter called Phyllis) administratrix with the will annexed of the estate of Harriet Stolle Wade (hereafter called Harriet).

Harriet died testate on October 21, 1955. Her will making her surviving husband, John H. Wade (hereafter called John), sole beneficiary was admitted to probate on November 30, 1955, with John as executor.

John married Phyllis on October 15, 1956, and on June 25, 1957, these two executed a joint will. John died two days later, leaving Harriet's estate still in course of probate. The joint will of John and Phyllis was admitted to probate on August 6, 1957, the court appointing Phyllis and M. Mignon Blood, an employee of John, as coexecutrices. This will after making two bequests of $1,000 each left the residue of the estate of Phyllis. Juanita S. Novotny, the daughter of a deceased brother of Harriet, and Paul G. Stolle, Harriet's brother (appellants herein), filed a contest of this joint will in which they alleged the existence of a previous will of John's in which he had bequeathed to each of them $10,000.

Thereafter Phyllis and Juanita Novotny each filed petitions for letters of administration with the will annexed of Harriet's estate. A third petition was filed by Charles A. Christin, Phyllis' attorney herein, but this petition need not be further noticed. The three petitions came on for hearing at the same time, and the court granted Phyllis' petition and denied the others.

Appellants urge on appeal that the probate court refused to admit pertinent and relevant evidence to support the claim of appellant Juanita Novotny that she should have been ap-

pointed in preference to Phyllis and that as a result the appointment of Phyllis was an abuse of discretion.

Preliminarily it should be noticed that neither petitioner has any direct interest in the estate of Harriet and neither has preference over the other as a matter of law. Phyllis' interest in Harriet's estate is a derivative one—as residuary beneficiary of John's last will which has been admitted to probate she would take all of John's estate, except $2,000, and derivatively all of Harriet's estate after it is distributed to the estate of John. Appellants' interest in Harriet's estate is likewise derivative—if they succeed in their contest they would each take $10,000 from John's estate under his previous will, but in no event would they take any part of Harriet's estate directly, although they might take some part of it after its distribution to John's estate.

Both appellants and respondent cite and rely upon *Estate of Selb,* 93 Cal.App.2d 788 [210 P.2d 45]. In *Selb* the testatrix' daughter, who took nothing under her mother's will, and the testatrix' grandson, who took only through his father, who died after the testatrix's death, both sought letters of administration with the will annexed, of the testatrix's estate. The probate court appointed the daughter and the District Court of Appeal reversed, saying (93 Cal.App.2d pp. 793-794): "We believe that, taking into consideration the size and nature of the estate, the naturalness of the will of decedent, the unsuccessful contest of the will by the respondent, the fact that she had forfeited her interest in the estate, and the further fact that appellant was the son and administrator of the estate of the person to whose estate the entire estate would ultimately be distributed, it was unreasonable and unjust for the court to appoint respondent instead of appellant and thus permit her to direct and control the administration of the estate and receive the commissions and benefits that accrue to an administratrix."

In our case if appellants' contest of John's last will is unsuccessful Phyllis will take all of John's estate, less $2,000, and through that estate all of Harriet's estate as well. In the event that the contest succeeds the contestants can receive at most $10,000 each from John's estate. No proof was offered of the value of John's estate although some proof was offered of the value of Harriet's. No showing was made to the court that John's estate, exclusive of the property coming to it from Harriet's, is not sufficient to satisfy the two $10,000 bequests to the appellants and any other special bequests in

the earlier will which they are seeking to establish by their contest. Phyllis' derivative financial interest in Harriet's estate under John's last will covers Harriet's entire estate. No necessary financial interest in Harriet's estate was established by appellants even if they are successful in their contest.

The testimony which appellants offered to which objection was sustained by the probate judge is thus summarized on pages 9-10 of their opening brief: "(1) part of Harriet's estate was her separate property; (2) appellants were beneficiaries under a prior will executed by John; (3) respondent Phyllis got into the Wade family as a stranger, who was employed to nurse the ailing Harriet; (4) within a year after Harriet's death Phyllis and John were married; (5) all relationship of John with his former wife's family was immediately broken off and John executed a will two days before his death leaving all of his property to respondent."

 The fact that part of Harriet's estate may have been her separate property could not benefit appellants. Under section 229, Probate Code, the named relatives of a predeceased spouse only inherit the separate property of such deceased spouse "(i)f the decedent leaves neither spouse nor issue." In this case since John left a spouse, Phyllis, the fact that a part of Harriet's estate may have been her separate property can be of no advantage to appellants.

 The probate file in John's estate was admitted into evidence, from which it appears that appellants are contesting John's last will and claim to be beneficiaries of a $10,000 bequest each under an earlier will. The other facts sought to be proved would tend to show the possibility that this contest might succeed. Conceding, without deciding, that such evidence would be properly admissible for that purpose, as we have already pointed out appellants made no showing that even if their contest is successful they would have to look to any part of Harriet's estate to satisfy their $10,000 bequests under the earlier will.

In this state of the record we can find no error in the court's ruling excluding this evidence. The financial interest of Phyllis in the estate of Harriet in case the last will of John stands is clear. On the other hand even if the contestants should be successful in their contest they have shown no similar financial interest in Harriet's estate. Absent such showing the evidence which they offered would not establish even a contingent financial interest to counterbalance Phyllis'.

 We are not impressed by appellants' argument, with-

out any supporting authority, that as a matter of "common decency" a young woman entering the home as a stranger who was married to John within a year after his first wife died and estranged him from his first wife's family, should not be allowed to administer the first wife's estate. These purely sentimental considerations should not outweigh the established fact that under the last will of John if it is upheld Phyllis will succeed to Harriet's estate, while appellants failed to establish any similar interest even if their contest should prove successful.

Order affirmed.

Draper, J., and Stone, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.