[Civ. No. 26259. Second Dist., Div. Three. Oct. 3, 1962.]

Estate of JAMES R. TRISSEL, Deceased. MURIEL McELHINNEY, Petitioner and Appellant, v. WILLIAM R. TRISSEL, Objector and Respondent.

John W. Brooks and Don Edwin Raney for Petitioner and Appellant.

Samuel Hurwitz for Objector and Respondent.

FILES, J.—This is an appeal from an order appointing the decedent's son administrator with will annexed. The facts are not in dispute. The question is whether, as a matter of law, the son had priority over the appellant.

The will of the decedent was admitted to probate, without opposition, on December 27, 1960, and the executor qualified. The will bequeaths $500 to decedent's son, William, and the residue to appellant, who is not related by blood or marriage. The estate was appraised at $87,684.40. The will provides

that if any beneficiary shall in any manner contest or attack it, the share given to any such contesting beneficiary is revoked and shall be disposed of as though the contesting beneficiary had predeceased the testator. Decedent left no surviving spouse or any relatives who would be entitled to succeed in the event of intestacy except William.

On June 7, 1961, William filed a petition for revocation of probate upon the several grounds of incompetency, fraud and undue influence. This will contest is pending, and has not been brought to trial.

On July 1, 1961, the executor died. Thereupon appellant petitioned the court for appointment as administratrix with will annexed. William filed a counterpetition asking that he be appointed. He alleged that he is a son of the deceased and "entitled to succeed to the estate of deceased or some portion thereof." The two petitions for appointment came on for hearing at the same time. The matter was heard on a stipulation of facts, which provided that the will and the petition for revocation of probate would be deemed in evidence. After submission, the trial court made a minute order stating that the petition of appellant is denied and the petition of William is granted, and directing counsel to prepare formal findings of fact and conclusions of law. After signing findings, the court then signed a formal document bearing the title, "ORDER APPOINTING SUCCESSOR ADMINISTRATOR WITH WILL ANNEXED," which document declared that William is appointed administrator with will annexed. Thereafter appellant filed a timely notice of appeal whereby she appealed "from the Order Appointing Successor Administrator With Will Annexed."

William's attorney now contends that appellant has no standing on this appeal because she did not specifically state that she appealed from the denial of her petition for letters of administration. There is no merit in this contention. In the first place, the notice of appeal accurately describes the only formal order which the trial court made disposing of the two petitions. The appointment of William fully disposed of appellant's request for her own appointment.

Furthermore, irrespective of her own claim to the office, appellant, as a person financially interested in the estate, was entitled to appear in the probate court and oppose William's application. (Prob. Code, §§ 512, 442.) From an adverse ruling she is entitled to appeal and raise the same objections in this court.

Probate Code, section 409, provides that, "Persons are entitled to appointment as administrators with the will annexed in the same order of priority as in the appointment of administrators. . . ."

Probate Code, section 422, so far as applicable, provides:

"Administration of the estate of a person dying intestate must be granted to one or more of the following persons, who are entitled to letters in the following order, the relatives of the decedent being entitled to priority only when they are entitled to succeed to the estate or some portion thereof: . . .

"(2)  The children. . . .

"(10) Any person legally competent."

Under this statute it is settled that a relative of the decedent, even though an heir at law, has no priority if the will effectively disinherits him. (*Estate of Winbigler*, 166 Cal. 434 [137 P. 1]; *Estate of Selb*, 93 Cal.App.2d 788 [210 P.2d 45].)

When William filed his petition to revoke the probate of the will on the grounds of incompetency, fraud and undue influence, he thereby forfeited the provisions made for him in the will. The will provides that if any beneficiary "shall in any manner contest or attack this Will," his share is revoked. William has brought himself within that provision even though he may hereafter withdraw his contest before trial. The law on this subject is reviewed in *Estate of Fuller*, 143 Cal.App.2d 820 [300 P.2d 342]. Although the language of the will in that case was somewhat different from the will here, the reasoning of the *Fuller* opinion is fully applicable here and need not be repeated.

Since the will contest has not been decided, there remains the possibility that William may succeed to the entire estate as an heir at law if his contest is successful. We must consider whether this contingency is enough to place him in the category of one "entitled to succeed to the estate" within the meaning of Probate Code, section 422.

Neither party has suggested that the probate court should have or did pass upon the merits of the will contest in order to determine whether William had a prior right to letters. Although the language of section 422 makes it sometimes necessary that the court decide questions of heirship in a contest over letters of administration (*Estate of Bevilacqua*, 31 Cal.2d 580, 584 [191 P.2d 752]), it is not necessary or proper to adjudicate the will contest in this collateral

proceeding to fill a vacancy in the office of administrator with will annexed.

Although the precise question which is before us has not been raised in any case known to us, courts generally have assumed that after a will is admitted to probate it must be treated as valid until probate is revoked. In *Castro* v. *Richardson,* 18 Cal. 478, the court said, ''Until the probate is revoked, it is conclusive of the validity of the will in all collateral proceedings. . . .'' In *Tracy* v. *Muir,* 151 Cal. 363 [90 P. 832, 121 Am.St.Rep. 117], at p. 370, the court said, ''Under this rule, as long as the probate stands the will must be recognized and admitted in *all* courts to be valid, the unrevoked decree of probate standing as absolute and conclusive proof of its genuineness.'' These cases are not factually analogous because they arise out of attempts to litigate the validity of a will in a civil action. The opinions are pertinent here because they recognize that an order admitting a will to probate has the force and effect of a final judgment unless and until it is set aside either by the direct proceedings provided for by statute or upon the limited grounds by which a final judgment may be attacked in equity.

For the probate court to appoint an administrator with the will annexed necessarily presupposes that the will is in effect. We conclude that the application for letters, after probate, must be heard and decided on the assumption that there is a valid will, until there is a judgment revoking probate. This means that the application for letters must be determined on the hypothesis that William is not entitled to succeed to any part of the estate, there being a will, prima facie valid, which gives the entire estate to appellant after the forfeiture of William's conditional bequest. Since William has no priority under Probate Code, section 422, both he and appellant, as applicants for letters, must be considered within the tenth and last class as ''Any person legally competent.''

This brings us to the question of whether the appointment of William can be sustained as an exercise of discretion, since neither applicant has any statutory priority over the other.

Appellant's application for letters alleged that she is a resident of California, of legal age, and competent to act. William's opposition did not deny these allegations, but relied upon his claim of statutory priority. The trial court made a finding that William was entitled to succeed to the estate or some portion thereof. Thus the trial court based

its decision upon the supposed statutory priority of William, and not upon a weighing of the merits as between two applicants of the same statutory class. Therefore the case must be returned to the trial court to permit it to exercise its discretion. (*Steele* v. *Superior Court*, 56 Cal.2d 402, 405 [15 Cal.Rptr. 116, 364 P.2d 292].)

█ Underlying the statutory scheme, the policy of the law is to place administration in the hands of the persons most likely to convert the property to the advantage of those beneficially interested. (See *Estate of Stickelbaut*, 54 Cal.2d 390, 395 [6 Cal.Rptr. 7, 353 P.2d 719] ; *Estate of Crites*, 155 Cal. 392, 393 [101 P. 316].) In *Estate of Guzzetta*, 97 Cal. App.2d 169 [217 P.2d 460], an order removing an administratrix with the will annexed was held not to be an abuse of discretion where the administratrix had filed a petition to revoke probate. The court pointed out that one of the duties of the administratrix with the will annexed is to defend the will against a contest—a duty which the administratrix who filed the contest was not prepared to perform. In *Estate of Selb*, 93 Cal.App.2d 788 [210 P.2d 45], the daughter of the decedent contested the will and lost, thereby forfeiting her legacy under the terms of the will. She was appointed administratrix with the will annexed in preference to the son of a deceased beneficiary who had a derivative interest but no statutory priority. This order was reversed as an abuse of discretion.

*Estate of Knowlton*, 118 Cal.App.2d 374 [257 P.2d 1031], relied upon by respondent, presents a state of facts which is distinguishable. There the decedent's son, David, contested the will unsuccessfully and thereby forfeited his legacy. David's son was the beneficiary of a testamentary trust created under the will. When David applied for letters of administration with the will annexed, there was no other applicant having statutory priority. The only other applicant was the trustee named in the will. It appeared that there was no hostility between David and his son, who was the beneficiary of the greater part of the estate. Under these circumstances the appellate court refused to overturn the discretion of the probate court in appointing David. That case can afford no precedent for favoring a decedent's son whose interest is in all respects hostile to the sole beneficiary who opposes him.

We shall not make any assumption as to what the record may show as to the qualifications of any applicant on a retrial. ██ It is sufficient to say that on the present record, where

the qualifications of neither applicant are questioned, one being entitled prima facie to the entire estate and the other prima facie to receive nothing, it would be an abuse of discretion to select William over appellant.

The order is reversed.

Shinn, P. J., and Ford, J., concurred.

A petition for a rehearing was denied October 24, 1962, and respondent's petition for a hearing by the Supreme Court was denied November 28, 1962.