Filed 12/19/24  Estate of Quadri CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| Estate of FLOY WANDA QUADRI, Deceased. | 2d Civ. No. B332827 (Super. Ct. No. 202300576149PRLA) (Ventura County) |
| DEBRA SHOEMAKER, as Administrator, Petitioner and Respondent, v. BARBARA DIANE KIME et al., Objectors and Appellants. | |

Barbara Diane Kime appeals an order of the probate court appointing Debra Shoemaker as administrator of the estate of Floy Wanda Quadri, and issuing letters of administration.  (Prob. Code,[1] § 8467.)  We affirm.

---

[1] All statutory references are to the Probate Code.

*FACTUAL AND PROCEDURAL HISTORY*

Quadri died on September 14, 2022. She had four daughters who survived her: Kime, Shoemaker, Laura Mae Haberkorn, and Linda Cherie Kime.[2] Quadri had no other living or deceased children.

On December 10, 1994, Quadri executed a handwritten Last Will and Testament wherein she named Shoemaker as executor. The will equally bequeathed Quadri's entire estate to her four daughters.

On April 9, 2014, Quadri executed the Floy Wanda Quadri Living Trust with herself as grantor and Kime as trustee. The trust was never funded and Quadri never executed a pour-over will.

At the time of Quadri's death, her estate consisted of a condominium, some bank accounts, and tangible personal property. These assets were not titled to the trust.

On March 8, 2023, Shoemaker filed a petition for letters of administration. Two of the three daughters signed nominations of administrator to support Shoemaker's petition. Shoemaker was unable to find Quadri's original handwritten will and for that reason filed for letters of administration.

On April 27, 2023, the probate court held a hearing regarding Shoemaker's petition. No documents or competing petitions were filed. Shoemaker was represented by counsel and Kime appeared in propria persona to oppose Shoemaker's petition.

Kime asserted that the probate court should appoint her as administrator because Quadri had named her as trustee in the

---

[2] For purposes of clarity and to ease the reader's task, we refer to Linda Cherie Kime by her full name.

2014 trust. Kime also contended that Shoemaker, Haberkorn, and Linda Cherie Kime conspired to unduly influence and abuse Quadri. Kime asserted that five months before her death, Quadri wanted to update her trust to leave the entire estate to Kime and exclude her other three daughters. Quadri took no further steps, however, to amend and fund the trust.

Following argument by the parties, the probate court granted the petition, appointed Shoemaker as administrator with full authority, and issued letters of administration. In ruling, the court explained that Shoemaker's petition concerned an intestate probate and an undue influence argument was not relevant.

Kime and Crystalin Walters appeal the probate court's order.[3] (§ 1303, subd. (a).)

## DISCUSSION

When a decedent dies intestate and is not survived by a spouse or domestic partner, but is survived by children, those children have equal priority for appointment as administrator of the decedent's estate. (§ 8467; *Estate of Selb* (1949) 93 Cal.App.2d 788, 790.) In those circumstances, the court possesses discretion to appoint one or more of the children as administrator. (*Selb*, at p. 792.) The burden rests upon the complaining party to establish an abuse of discretion – that the court's decision is unreasonable. (*Ibid.*)

The probate court did not abuse its discretion by appointing Shoemaker as the administrator of Quadri's estate. In this

---

[3] Kime states that Walters is her daughter. Walters is not a beneficiary of the estate, however, and has no standing to challenge the appointment of Shoemaker as administrator. (*Estate of Kempton* (2023) 91 Cal.App.5th 189, 202 [an aggrieved party is one whose rights or interests are injuriously affected by the probate court's underlying ruling].)

3.

intestate probate, each of the four daughters is entitled to an equal share and each has equal priority to be appointed administrator. (§§ 6402, subd. (a) [intestate succession]; 8467 [priority to be appointed administrator].) Only Shoemaker filed a petition seeking to be appointed administrator. Two of her sisters supported her nomination. Appointment of Shoemaker was not unreasonable and we do not substitute our decision for that of the probate court. (*Estate of Selb*, *supra*, 93 Cal.App.2d 788, 792.)

The probate court also properly ruled that the 2014 trust was not before the court. The trust had not been funded and had no schedule of assets. None of Quadri's assets were titled to the trust. Quadri also did not execute a pour-over will to fund the trust. The 1994 handwritten will cannot be a pour-over will because it does not identify the trust and was executed 20 years prior. (§ 6300.)

Kime's remaining arguments are without merit. After Quadri's death, Kime changed the keys to the condominium, but that has no relevance to Shoemaker's appointment as administrator. The probate court also heard Kime's claims that Shoemaker and the other two sisters exercised undue influence over and abused Quadri. The court properly ruled, however, that the claims are irrelevant to the intestate probate.[4]

---

[4] We deny Kime's request for judicial notice of transcribed voice mail messages, text messages, and photocopies of the 1994 will and 2014 trust.

*DISPOSITION*

The order is affirmed.  Shoemaker is entitled to costs.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.

We concur:


YEGAN, J.


CODY, J.

Roger L. Lund, Judge

Superior Court County of Ventura

_____

Adell Law Offices and Laura Adell for Plaintiff and Respondent.

Barbara Diane Kime and Crystalin Melody Walters, in pro. per., for Objectors and Appellants.