[Civ. No. 4514.   Second Appellate District, Division One.—February 14, 1924.]

In the Matter of the Estate of MARY J. ROBINSON, Deceased. PAUL A. MATLOCK, Appellant, v. MATTIE A. CLARK, Respondent.

[1] ESTATES OF DECEASED PERSONS—REVOCATION OF LETTERS—ISSUES —FINDINGS — APPEAL — INSUFFICIENT SPECIFICATIONS.—On appeal from an order revoking letters of administration, a general statement that by reference to the pleadings it will be seen that there were a number of material issues made and upon which evidence was introduced, upon which there is no finding, does not constitute a sufficient specification upon which the appellate court should be expected to make a decision.

[2] ID.—INTEREST OF DAUGHTER—EVIDENCE.—In this proceeding in which the court revoked the letters of administration with the will annexed theretofore issued to one not related to the decedent and directed that letters of administration with the will annexed be issued to a daughter of decedent, the evidence without any conflict therein showed that said daughter retained some interest, slight though it might be, in the estate of her mother.

[3] ID.—RIGHT TO LETTERS—WAIVER—ESTOPPEL.—In such proceeding, the fact that the daughter of the decedent waived her right to be appointed administratrix and requested that another, who was not related to the decedent, be appointed did not estop her from subsequently asserting her right to be appointed, after the former administrator had resigned and another, who was not related to the decedent, had been appointed in his stead and he had entered upon the performance of his duties.

APPEAL from an order of the Superior Court of San Diego County revoking letters of administration. E. A. Luce, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sweet, Stearns & Forward and Thomas K. Case for Appellant.

Ralph C. McComish, H. A. Gabriel, W. R. Biaggi and Hamilton & Lindley for Respondent.

CONREY, P. J.—Paul Matlock, formerly administrator with the will annexed of the estate of Mary J. Robinson,

deceased, appeals from an order of the superior court revoking his letters of administration and directing that letters of administration with the will annexed be issued to Mattie A. Clark.

By order of date October 27, 1922, the will of the decedent was admitted to probate, and one L. C. Thomason was appointed administrator with the will annexed, and letters of administration to him were that day issued. Thomason filed an account and report, together with his resignation on the twentieth day of November, 1922. On the first day of December, 1922, the account and report of Thomason were approved, his resignation was accepted and Paul Matlock appointed administrator with the will annexed of said estate. Matlock duly qualified and letters of administration were issued to him on the said first day of December, 1922. He entered upon the performance of his duties and among other things caused notice to creditors to be published. The decree showing due notice to creditors was entered on the twentieth day of March, 1923. Thomason and Matlock were not related to the decedent, and Matlock was not interested in the estate at the time when his letters of administration were revoked. On the second day of March, 1923, Mattie A. Clark, daughter of the decedent, filed a petition praying that the letters of administration issued to Matlock be revoked and that letters of administration with the will annexed upon said estate be issued to petitioner Mattie A. Clark. This matter was heard after due notice of time and place of hearing. The case was tried upon issues raised by the petition and by the answer filed by Matlock. Thereupon the court made the order from which this appeal has been taken.

The petition for probate of the will and for appointment of Thomason as administrator with the will annexed was filed on the eleventh day of October, 1922. Together with that petition he filed a document signed by Mattie A. Clark wherein she stated that she declined to undertake the administration, waived her right to be appointed administratrix, and requested the court to appoint Thomason. When Matlock filed his petition for letters of administration after the resignation of Thomason, due notice of the application of Matlock and of the time and place of hearing the same was given to Mrs. Clark. Mrs. Clark did not appear in response to that notice. It

was only after Matlock had qualified as administrator and had performed a substantial part of his duties as such administrator, that Mrs. Clark sought to revoke Matlock's letters of administration in order that she might be appointed in his place. The sole ground of her petition is that she has a better right to act as administrator with the will annexed of said estate because she is a daughter of the decedent and because Matlock is not related to the decedent and was not nominated by petitioner or any person entitled under the law to administer.

The points urged in support of the appeal are that the trial court failed to find upon material issues; that respondent is no longer interested in the estate of decedent; that respondent having long neglected to apply for letters of administration and having expressly declined to undertake administration of the estate and having waived her right to be appointed administratrix, and having received notice of the hearing of appellant's application for letters, the court erred in revoking the letters of administration granted appellant and appointing respondent.

[1] The argument of counsel for appellant fails to point out any particular in which the findings are defective. They content themselves with a general statement that by reference to the pleadings it will be seen that there were a number of material issues made and upon which evidence was introduced, upon which there is no finding. This is not a sufficient specification upon which this court should be expected to make a decision. If counsel do not bring to the attention of the court the alleged errors, the court is under no duty to seek for them.

[2] In support of his proposition that respondent is no longer interested in the estate, appellant contends that the evidence shows that the personal property left by deceased consisted of some trivial personal effects (gold bracelets, pins, etc.), and that the only real estate belonging to decedent at the time of her death consisted of a certain lot at Santa Fe Springs, "and that respondent had conveyed that lot to Lena M. Grohs and had released Mrs. Grohs and her husband from all claims in law and in equity of every kind and character, unless she still had some claim against them or one of them for some royalty on account of production of oil on this lot." But appellant further claims

that this royalty right was released by a deed executed by respondent to Mrs. Grohs, which deed is in evidence. It further appears from the testimony of one witness, although rather indefinitely, that there was another lot or parcel of real estate belonging to decedent located "in Santa Fe Springs or vicinity," and being other than the lot described in the deed of Mrs. Clark to Mrs. Grohs. After reading the evidence, we are of the opinion that the evidence without any conflict therein proves that Mrs. Clark retained some interest, slight though it may be, in the estate of her mother.

[3] The principal question in the case relates to the right of respondent to withdraw her renunciation and her declination to undertake the administration of this estate, and to have the administrator removed after proceedings in administration had progressed to the point shown in the foregoing statement of facts. Respondent's waiver of her right to be appointed administratrix was included in and was a part of her request for the appointment of Thomason. After it had been acted upon, it might well be considered as an estoppel as between respondent and Thomason. It does not necessarily follow that she would have declined to undertake the administration or would have waived her right to be appointed administratrix, except for the purpose of procuring the appointment of Thomason. So far as Matlock is concerned, the question here presented should be considered without regard to the former waiver. As between respondent and Matlock, the only facts properly subject to consideration here are that respondent was served with notice of his application and did not contest the same. His appointment under these circumstances did not operate as a forfeiture of her preferential right over appellant. The right here asserted by respondent is provided for by section 1383 et seq. of the Code of Civil Procedure. Section 1385 declares that if the right of the applicant is established and he is competent, letters of administration must be granted to him, and the letters of the former administrator revoked. It was the opinion of Judge Coffey of the superior court of San Francisco that the nomination of another as administrator simply estops the party making the nomination from afterward asserting his right to the prejudice of his own nominee. (*Estate of King,* 4 Cof. Prob. Dec. 10.) It does not appear that there are any decisions

to the contrary in this state. In *Estate of Lowe*, 178 Cal. 111 [172 Pac. 583], the most recent decision bearing upon the subject of attempted retraction of a waiver of a prior right to letters of administration, the controversy arose between a widow and certain children of the decedent in favor of whom the widow had filed a request for their appointment. It was held under the circumstances stated in the opinion that she had no enforceable right to withdraw that request.

The order is affirmed.

Houser, J., and Curtis, J., concurred.