[Civ. No. 21026. Second Dist., Div. Two. Nov. 18, 1955.]

Estate of DELLA E. WAMACK, Deceased. SAMUEL WAMACK, Appellant, v. JOSEPH A. CHESNUTT, Respondent.

Paul T. Erskine and Jack R. Tyrell for Appellant.

Proctor K. Perkins and T. G. Dalton for Respondent.

MOORE, P. J.—Two questions for decision are (1) whether a surviving husband who by an intelligible, prenuptial agreement covenanted not to lay claim to any portion of his wife's estate after her decease may now recover same and (2) whether he may obtain letters of administration of her estate, despite (a) his failure to claim such right after due notice of another's application, and (b) his having no legacy or share in the estate.

On August 8, 1952, exactly one month prior to his marriage to decedent, appellant, with complete understanding of its contents, executed an antenuptial agreement with decedent. It provided that decedent should retain ownership of all

her property with the "exclusive right to dispose. of any and all property" she . "now owns" or "may hereafter acquire or receive, as her own absolute and separate property without interference or claim". by Mr. Wamack, "and in like manner as if said marriage had not taken place."*

Mrs. Wamack deceased on July 30, 1954. On August 17, her nephew, Joseph Chesnutt, filed his petition for letters of administration and caused notice of the hearing thereon to be served upon appellant. But the latter did not appear at the hearing on September 7, 1954, when letters of administration were issued to Mr. Chesnutt. On the following October 4th, appellant filed his petitions for letters of administration and for. revocation of letters already issued to Chesnutt and for a family allowance of $400 per month. Such petitions having been put at issue by the administrator, the court made findings of fact against appellant, to wit, that he had agreed not to claim any portion of decedent's estate, had relinquished all interest in and to her property and the right to succeed thereto, concluded accordingly and denied his petition for letters of administration. From the ensuing judgment comes this appeal.

Appellant did not duly assert his right to be administrator. The court may, in its discretion, refuse to grant letters to any person who had actual notice of the first application and had an opportunity to contest the same. (Prob. Code, § 453.) ■ Having had due notice of the hearing on Chesnutt's petition and having failed to appear, appellant thereby abandoned such priority to letters as he might have asserted as surviving husband. No serious attempt was made to prove an abuse of discretion in the court's denial of appellant's

---

*"Now, THEREFORE, it is mutually agreed as follows:

"1. That the Second Party shall keep and retain the sole ownership, control and enjoyment of, and, during her life, or by her Last Will and Testament, or by other testamentary disposition, shall have the exclusive right to dispose of any and all property, real, personal or mixed, which she now owns and all income and profits therefrom which she may hereafter acquire or receive, as her own absolute and separate property, without interference or claim thereon by the First Party, and in like manner as if said marriage had not taken place.

"2. And First Party agrees that if he shall survive Second Party he will not make, nor will his heirs, executors, administrators or assigns make any claim to any distributive share or to any interest of any nature whatsoever in or to any part of said estate of Second Party of any kind or character to which he, as Second Party's surviving husband, might be or become entitled but for the execution of this agreement, so that all of the property of the Second Party not effectually disposed of by her during her life, or by testamentary disposition, shall devolve in the same manner as if First Party had predeceased her."

petition. ██ The burden was on him to establish such abuse and in the absence of a clear showing thereof, the reviewing court will not disturb the judgment. (*Silver* v. *Shemanski*, 89 Cal.App.2d 520, 529 [201 P.2d 418].) That the court's discretion was wisely exercised will appear as the story is unfolded.

██ Appellant had no contractual basis for claiming to be administrator. The antenuptial agreement divested him of all interest in decedent's property. He was to make no claim of "any nature whatsoever" to the estate of the lady he was about to wed. That agreement was a serious arrangement and appellant must observe its terms. He alleges neither fraud, undue influence nor any other vice that invalidates an agreement and which attended its execution. Now, if it is to be binding, according to its terms, appellant is not entitled to administer decedent's estate. ██ Relatives of decedent are entitled to administer his estate when they have a clear right to succeed to some share of his personal estate (Prob. Code, § 422) and where they have no such right they may not administer the decedent's estate. (*Estate of Cover*, 188 Cal. 133, 138 [204 P. 583]; *Estate of Walker*, 169 Cal. 400, 403 [146 P. 868]; *In re Davis*, 106 Cal. 453, 455 [39 P. 756].)

██ Appellant contends that the agreement of August, 1952, is not binding for the reason that it lacks consideration. The court found, in effect, that there was a consideration for the agreement and that it has not failed; that the consideration for the writing was decedent's promise to marry appellant, and that they were married. That a promise of marriage subsequently performed is a sufficient consideration for a prenuptial contract cannot be questioned. (*La Liberty* v. *La Liberty*, 127 Cal.App. 669, 674 [16 P.2d 681].) It follows that his written contract waiving all claims to decedent's property not only defeats his claim to letters of administration but deprives him of inheriting from decedent.

██ Neither is appellant entitled to a family allowance. Such income is specifically mentioned in the agreement, and is clearly comprehended among the benefits to be anticipated by a prospective husband. By reserving the "exclusive right" to dispose of all her property and income, decedent could have meant nothing other than that she was keeping all she had for herself and would bequeath it to anyone she might choose. Having by contract renounced all interest in and right to decedent's property, appellant has no basis for

demanding a family allowance. (*Estate of Yoell,* 164 Cal. 540, 550 [129 P. 999].) In *Estate of Schwartz,* 79 Cal.App.2d 308 [179 P.2d 868], where each contracting party had waived all claims to inherit, it was held that the right to a family allowance had been waived.

 If appellant had been deceived by decedent's alleged oral promise of an inheritance, it was incumbent upon him to allege the promises constituting such deceit. Such allegations absent, the prenuptial agreement stands for all its language denotes. (*Estate of Yoell, supra,* 546.) Its terms are simple and if any other provision had been lacking, appellant should have caused it to be inserted previous to its execution.

 Appellant offered to prove that (1) as an inducement for appellant to sign the agreement, decedent promised that she would by her will adequately take care of him for his natural life and there is no such will; (2) subsequent to marriage, he and decedent on several occasions discussed her will and at each time she stated that she was going to take care of him because he had signed the antenuptial agreement.

The court's exclusion of such testimony was correct. All prior conversations or writings with respect to contents of a written agreement are deemed to be merged in such writing and no evidence of such prior conversations or memoranda is admissible except to prove a mistake in the writing or its invalidity. (Code Civ. Proc., § 1856.) No pleading alleged or evidence introduced suggested either mistake or fraud in the execution of the agreement. The only basis indicated as a ground for the invalidity of the agreement is that it does not declare a consideration for appellant's promise to waive inheritance from his intended spouse. In the light of the fact that the agreement itself shows that the promise of marriage was the consideration for the prenuptial agreement, the claim of error in excluding his proof of another consideration is without merit. The mutual promises to marry constituted a contractual consideration and cannot be varied by parol. (*Harding* v. *Robinson,* 175 Cal. 534, 542 [166 P. 808].) Proof of a marriage settlement otherwise than in writing is expressly forbidden. (Civ. Code, § 178.)

Moreover, appellant's offer to prove that decedent orally promised to make a will in his favor in return for his selling out his interests in Arkansas, adopting her religion and coming to California was properly rejected. (Code Civ. Proc., §§ 1880, subd. 3; 1856; 1973, subd. 6; Civ. Code, § 1624,

subd. 6.) ▮ Where the language of a contract is intelligible and explicit and does not involve an absurdity, it must govern its own interpretation. No question has been raised as to the quality or propriety of the phraseology or diction of the antenuptial agreement.

Judgment affirmed.

Fox, J., and Ashburn, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.