[Civ. No. 1602.   Fourth Appellate District.—November 19, 1936.]

RUTH HARO et al., Appellants, v. THE SOUTHERN
PACIFIC RAILROAD COMPANY (a Corporation)
et al., Respondents.

David C. Marcus for Appellants.

Grant Holcomb for Respondents.

MARKS, J.—This is an appeal from a judgment rendered in an action wherein plaintiffs, the widow and minor children of Demetrio Haro, sought to recover damages suffered by reason of his death. The sole question to be determined on this appeal is whether or not plaintiffs' cause of action is barred by the provisions of subdivision 3 of section 340 of the Code of Civil Procedure.

Ruth Haro, the widow, was born April 9, 1914, Carmen Haro on April 7, 1932, and Jose Haro on March 18, 1933. Demetrio Haro was killed on June 2, 1933. This action was commenced on July 7, 1934, or more than one year after Demetrio's death, and plaintiffs' action was barred by the

statute of limitations unless it was tolled by the circumstance of the plaintiffs, each being under the age of twenty-one years at the time the action was instituted.

Section 352 of the Code of Civil Procedure provides in effect that the time of the existence of the disabilities there specified, which include the minority of the plaintiffs, shall not be included as ''a part of the time limited for the commencement of the action''. ▊ Therefore, the important question arises, is the fact that all of the plaintiffs were under the age of twenty-one at the time of the commencement of the action a disability that would toll the statute?

The action was brought under the provisions of section 377 of the Code of Civil Procedure, which gives a joint, single and indivisible cause of action for damages to the heirs or personal representatives for the death of a person which is caused by the wrongful act or neglect of another. (*Gilmore* v. *Los Angeles Ry. Corp.*, 211 Cal. 192 [295 Pac. 41]; *Salmon* v. *Rathjens*, 152 Cal. 290 [92 Pac. 733]; *Rabe* v. *Western Union Tel. Co.*, 198 Cal. 290 [244 Pac. 1077].)

In the case of *Sears* v. *Majors*, 104 Cal. App. 60 [285 Pac. 321], a widow, over the age of twenty-one years, and her minor son, brought an action to recover damages resulting from the wrongful death of their husband and father. The action was filed more than one year after the date of the death and the trial court sustained a demurrer to the complaint without leave to amend on the ground that the cause of action was barred by the provisions of subdivision 3 of section 340 of the Code of Civil Procedure. On appeal plaintiffs conceded that the cause of action of the widow was barred but urged that the minority of the son tolled the statute as to him and that he should be permitted to prosecute his action. On appeal it was held that because the action was joint the bar of the statute as to one plaintiff was a bar to the action of the other and that the demurrer was properly sustained.

In the instant case it is urged that as the widow had been lawfully married, and, that as she was over the age of eighteen years at the time of the death of her husband, she was under no disability to sue and her cause of action was barred, which circumstance would constitute a bar to the actions of her minor children.

Section 25 of the Civil Code provides in part as follows:
"Minors are all persons under twenty-one years of age; provided, . . . that any female who has contracted a lawful marriage and is of the age of eighteen or over, shall be deemed to be of the age of majority and to be an adult person for the purpose of entering into any engagement or transaction respecting property or her estate, or for the purpose of entering into any contract, the same as if she was twenty-one years of age."

The portion of this section necessary for us to construe is that provision constituting a female, who has been lawfully married and is over the age of eighteen years, an adult for the purpose of entering into any "transaction respecting property". As the widow, Ruth Haro, had been lawfully married, and was over the age of eighteen years at the time of the death of her husband, she was under no disability and could have instituted an action to recover damages for the death of her husband within a year following his death, if bringing it constituted a "transaction respecting property".

The term "transaction" as used in our codes is now held to include actions brought to recover damages for a tortious act. In *Colla* v. *Carmichael U-Drive Autos, Inc.,* 111 Cal. App. (Supp.) 784 [294 Pac. 378], it is said:

"The term 'transaction', as here used, is not limited in meaning to a commercial negotiation or contract, but includes tortious or delictual doings as well. In Bliss on Code Pleading, section 125, the word is said to embrace 'any occurrence between parties that may become the foundation of an action'; and in *Glide* v. *Kayser,* 142 Cal. 419, 420 [76 Pac. 50], the Supreme Court recognized that the word is comprehensive in meaning and, as used in section 442 of the Code of Civil Procedure, might permit a cross-complaint in an action founded on tort. The broad scope of the term is exhibited in the definition taken from the law dictionaries and adopted in *Scarborough* v. *Smith,* 18 Kan. 399, 406, which is in these words: 'Whatever may be done by one person which affects another's rights, and out of which a cause of action may arise is a "transaction".'

"We conclude, therefore, that the collision of the two automobiles was a transaction, out of which arose questions of law and of fact common to all injured plaintiffs. Hence,

there was no misjoinder because they united in one action instead of instituting five separate actions.''

To the same effect are *California Trust Co. v. Cohn,* 214 Cal. 619 [7 Pac. (2d) 297], *Hanes* v. *Coffee,* 212 Cal. 777 [300 Pac. 963], and *United States* v. *Pan-American Pet. Co.,* 55 Fed. (2d) 753, at 776. See, also, *Van Bibber* v. *Hilton,* 84 Cal. 585, at 590 [24·Pac. 308, 598].

Section 14 of the Civil Code contains the following:

'' . . . The following words have in this code the signification attached to them in this section, unless otherwise apparent from the context:

''1. The word 'property' includes property real and personal;

''2. The words 'real property' are coextensive with lands, tenements, and hereditaments;

''3. The words 'personal property' include money, goods, chattels, things in action, and evidences of debt; . . . '' (See, also, secs. 654 to 663, inclusive, Civ. Code.)

In *McFadden* v. *Santa Ana etc. Ry. Co.,* 87 Cal. 464 [25 Pac. 681, 682, 11 L. R. A. 252], it is said that:

''The right to recover damages for a personal injury as well as the money recovered as damages, is property, and may be regarded as a chose in action (*Chicago etc. R. R. Co.* v. *Dunn,* 52 Ill. 260 [4 Am. Rep. 606]; Anderson's Law Dict.)''

To the same effect are *Neale* v. *Depot Ry. Co.,* 94 Cal. 425 [29 Pac. 954], and *Nielsen* v. *Gillespie,* 97 Cal. App. 319 [275 Pac. 500].

It would seem, therefore, that the phrase ''transaction respecting property'' includes within its definition the bringing of an action by a widow for the wrongful death of her husband. That being true, Mrs. Haro was under no disability that would prevent her from suing for the damages suffered from the wrongful death of her husband at any time during the year following his demise. As she did not so sue her action is barred by the statute of limitations. (Subd. 3, sec. 340, Code Civ. Proc.) As her cause of action is barred the causes of action of the other plaintiffs are also barred. (*Sears* v. *Majors, supra.*)

The notice of appeal specifies that the appeal is taken from an ''order'' of the trial court. As the question has not been raised by defendant we have disregarded this defect

and have assumed that it was the intention to appeal from the judgment. However, our so doing must not be considered a precedent to be followed in other cases.

The judgment and "order" are affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 18, 1937.