[Civ. No. 3071. Fourth Dist. Jan. 13, 1943.]

Estate of HARRY BERRY, Deceased. BELLA BERRY et al., Appellants, v. C. K. WAKEFIELD, as Administrator, etc., Respondent.

Harold Elkins and Marcel E. Cerf, Robinson & Leland for Appellants.

No appearance for Respondent.

BARNARD, P. J.—This is an appeal from orders granting and denying petitions for letters of administration, respectively.

Harry Berry, a resident of Fresno County, died intestate on April 2, 1942, leaving an estate in that county and leaving surviving Bella Berry, his widow, and two adult sons, Jerome Berry and Stanley Berry. At the request of certain creditors the public administrator on April 30, 1942, filed a petition for letters of administration. On May 2, 1942, the widow filed her nomination of Nathan Myers and requested that letters of administration be issued to him. On May 9, 1942, Myers filed written opposition to the petition of the public administrator based upon his own prior right to letters by reason of his nomination by the widow, and also filed a petition for the issuance of letters to him. No opposition to his petition was filed.

The two petitions for letters were heard together. The court found that the decedent and Bella Berry were husband and wife, but that they had not lived together for about 20 years; that Nathan Myers is the father-in-law of Jerome Berry, one of the sons of the deceased; that Nathan Myers, if appointed administrator of said estate, intended to leave the active administration of the affairs of the estate to Jerome Berry and Stanley Berry; that Jerome Berry had previously been convicted of a crime and had served a portion of a jail sentence; that Nathan Myers resides in San Francisco and the bulk of the estate of the decedent is in the county of Fresno; that Nathan Myers is a man of little business experience and has had no experience in the administration of estates of deceased persons; that "he is closely allied and friendly with the heirs at law of said decedent and that the heirs are antagonistic to the creditors of said deceased"; that the deceased, prior to his death, attempted to defraud some of his creditors; that Nathan Myers, if appointed administrator, would in all probability not be fair to the creditors of the deceased; and that Nathan Myers is improvident and lacks understanding in the affairs of the estate of the deceased. As a conclusion of law, it was found "that the said Nathan Myers is a person not competent to serve as the administrator of the above-entitled estate." Myers' petition was denied and letters were issued to the public administrator. This appeal followed, and no brief has been filed on behalf of the respondent.

It appears from the evidence that the deceased left an insurance policy for $1,000, a house and lot in Fresno, and one share of stock in a corporation which owned a business in which the deceased had been engaged. It further appears

that a third person claimed to own the one share of stock in this corporation which was supposed to belong to the estate. Mr. Myers was asked on cross-examination if he intended, if appointed, to leave the management of the business of the corporation to Jerome Berry and Stanley Berry and if he intended to interfere with their management of that business. He replied: "Well, I don't know, I don't know whether I am or not." He further testified that he did not intend to allow anything irregular to be done simply because Jerome Berry was his son-in-law. This is all of the evidence material here except for the formal matters which indicate that Mr. Myers was qualified within the provisions of sections 401 and 420 of the Probate Code. However, an attorney representing a creditor made a statement "as a friend of the court" saying that he thought the estate owned other property, that 996 shares of stock in the corporation above referred to were in the possession of another attorney, having been pledged for a loan which was subsequently repaid, and that he did not know whether or not this stock belonged to the estate. We can find nothing in the record to sustain the conclusion drawn by the court that the appellant Myers is not competent. The finding that he intended, if appointed, to leave the active administration of the affairs of the estate to Jerome Berry and Stanley Berry is not supported by the evidence. The only questions asked in this regard related to whether Myers intended to interfere with the management of the corporation by those parties. Not only was his reply negative, but there is nothing in the evidence to indicate that as administrator he would have any control over the management of that corporation. ■ The fact that Jerome Berry had previously been convicted of a crime is, of course, immaterial here, as is also the finding that Myers had had no previous experience in the administration of estates. The fact that Myers is closely allied and friendly with the heirs at law of the decedent presents no unusual situation and is no ground of disqualification. ■ There is no evidence that the heirs are antagonistic to the creditors, even if it be assumed that this would make any difference. The further finding that Myers, if appointed, would in all probability not be fair to the creditors, that he is improvident, and that he lacks understanding in the administration of this estate are entirely without support in the evidence. There is nothing in the evidence before us which is sufficient to establish incompe-

tence or disqualification on the part of the appellant Myers. (*Estate of McCausland,* 170 Cal. 134 [148 P. 924].) ▮ The courts have no right to add to the disqualifications provided by the Legislature. (*Estate of Brundage,* 141 Cal. 538 [75 P. 175].) The courts had a broader discretion in such matters for a time because of the inclusion in section 442 of the Probate Code, upon the adoption of that code in 1931, of the phrase ''or for other cause'' as an additional ground for contesting a petition for letters of administration. (*Estate of St. John,* 8 Cal.2d 175 [64 P.2d 725].) However, that phrase permitting such additional ground of opposition was eliminated when section 442 was amended in 1941. (Stats. 1941, chap. 769.)

For the reasons given the orders are reversed. The appellants to recover costs.

Marks, J., and Griffin, J., concurred.