[Civ. No. 16761.  First Dist., Div. Two.  July 23, 1956.]

PATRICIA ANN CARAWAY, Appellant, v. ROBERT BURNS et al., Respondents.

Bergen Van Brunt and Anthony R. Brookman for Appellant.

O'Connor, Cohn & Dole and Bronson, Bronson & McKinnon for Respondents.

THE COURT.—By complaint filed April 30, 1954, appellant instituted a personal injury action based on facts allegedly occurring on June 18, 1948. She appeals on an agreed statement from a summary judgment in favor of defendants based on their contention that the action was barred by the one-year statute of limitations. (Code Civ. Proc., § 340, subd. 3.) Appellant contends that the statute had been tolled under Code of Civil Procedure section 352, subdivision 1 until May 1, 1953, her 21st birthday. Defendants' position was that plaintiff reached her majority on February 10, 1951, when she married having reached the age of 18 years. (Civ. Code, § 25.) In this, the only point in controversy, the position of defendants must be sustained.

The point was decided against plaintiff's contention in *Haro* v. *Southern Pac. Co.* (1936), 17 Cal.App.2d 594 [62 P.2d 441], a wrongful death action by a widow, 19 years old when her husband died, instituted more than one year after his death but before she reached the age of 21. The court

held that the phrase "transaction respecting property" in Civil Code section 25 includes the bringing of an action for wrongful death, that she therefore was under no disability preventing her to bring the action at any time during the year following his death and that at the end of that year the action was barred by the statute (p. 597). The Supreme Court denied a hearing. Appellant's attacks on this decision and her contention that it has lost authority because of an amendment made in 1953 in section 25, *supra*, are without merit.

Appellant urges that the court in the Haro case failed to construe section 25 in accordance with the legislative intent which according to appellant was to give the married woman between 18 and 21 an adult status for certain transactions only, to be construed strictly as exceptions, and otherwise to maintain her protection as an inexperienced juvenile. No such intention appears from section 25 or from related code sections. The contrary intention is indicated by the provision of section 25 that the 18-year-old married woman shall "be of the age of majority" and by Probate Code, section 1590, subdivision 1, which provides: "Where the appointment of a guardian was made solely because of the ward's minority, the marriage of a minor ward terminates the guardianship of the person; and the guardianship of the estate of a minor female ward is terminated upon her obtaining majority as provided in section 25 of the Civil Code." Accordingly, it is said in *Guardianship of Jacobson,* 30 Cal.2d 312, 322 [182 P.2d 537], "A lawful marriage contracted by a female over the age of eighteen years terminates her minority and the guardianship of her person and estate." See also a statement of this court that a woman over 18 years of age and being married is an adult in *Price* v. *Hovsepian,* 114 Cal. App.2d 385, 386 [250 P.2d 252].

Appellant further points out that in 1953 the phrase "or for the purpose of maintaining or defending an action affecting her marital status" was added to the purposes for which under section 25 the married woman between 18 and 21 was deemed an adult person, which amendment according to appellant was intended to clear up the confusion [sic] caused by the Haro case and to change the law so as to restrict the procedural capacity of the married woman between 18 and 21 to actions affecting her marital status. No ground whatever is shown for the asserted relation between the amendment of 1953, and the, at that time, 17-year-old

Haro decision. Probably, the amendment was prompted by the fear that the specification in section 25 of adultness "for the purpose of entering into any engagement or transaction respecting property or her estate or for the purpose of entering into any contract," might wrongly be construed as permitting action for such purpose relating to property only. The State Bar Committee on Administration of Justice recommended support of the amendment "in the interest of clarification" (not as a change in the law). If it had been the intention to change the law of the cited cases that a married woman between 18 and 21 was an adult, clearer language could have been expected.

Judgment affirmed.

Appellant's petition for a hearing by the Supreme Court was denied September 13, 1956. Carter, J., was of the opinion that the petition should be granted.