Robert F. NOLAN, as Administrator of the Estate of Jasper Wallace Hall, Deceased, Marjory M. Hall, individually, and Marjory M. Hall as Guardian ad Litem of Judith Marie Hall, an infant, Plaintiffs,

v.

TRANSOCEAN AIR LINES, Defendant.

United States District Court
S. D. New York.
May 14, 1959.

Speiser & O'Brien, New York City, for plaintiffs. Edward M. O'Brien, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant. William J. Junkerman, Maurice L. Noyer, New York City, of counsel.

LEVET, District Judge.

The defendant, Transocean Air Lines, has moved for summary judgment in its favor upon the ground that it is entitled to judgment as a matter of law for the reason that the action is barred by the California Statute of Limitations.

The action seeks recovery of damages for the allegedly wrongful death of Jasper Wallace Hall in an airplane accident in the vicinity of Alvarado, in the State of California, on March 20, 1953. The complaint was filed in this court on November 7, 1958.

The complaint sets forth four alleged causes of action. The first cause of action is brought on behalf of Robert F. Nolan, as Administrator of the Estate of Jasper Wallace Hall, deceased, and alleges that the said Robert F. Nolan was issued letters of administration on the 18th day of February, 1958, that jurisdiction of the court is based on diversity of citizenship, that the decedent met his death as a result of the alleged negligent operation, management and control of a certain airplane by the defendant which resulted in an accident occurring on March 20, 1953, in the State of California, and that the decedent left him surviving, as his lawful heirs, his wife, Marjory M. Hall, and his daughter, Judith Marie Hall, an infant of the age of 5 years, and that by reason of defendant's negligence the estate of the decedent and the next of kin were damaged in the sum of $200,000.

The second cause of action is brought by Marjory M. Hall, individually, on her own behalf as wife and next of kin of the deceased, and repeats and realleges essentially the same allegations concerning the alleged negligence and liability of the defendant as is alleged in the first cause of action.

The third cause of action is brought by Marjory M. Hall, as Guardian ad Litem of the infant-plaintiff, Judith Marie Hall. In this cause of action it is alleged that this court appointed Marjory M. Hall as Guardian ad Litem of Judith Marie Hall for the purpose of maintaining this action, that on March 20, 1953, and prior thereto, the infant, Judith Marie Hall, was the daughter of the decedent, who was living with and being supported by him, and that as a result of the alleged wrongful death of the decedent the infant lost the society, companionship and support of the decedent and was damaged thereby.

The fourth cause of action is brought by Robert F. Nolan, as Administrator of the Estate of Jasper Wallace Hall, deceased, and alleges generally that the decedent was being transported on defendant's aircraft pursuant to an agreement between the United States Government and the defendant, and that one of the conditions of the agreement was that the defendant would provide safe passage for the decedent and that the decedent was one of the intended beneficiaries of the said agreement, and that the defendant breached its agreement to provide safe passage to the decedent, as a result of which his estate and next of kin were damaged in the amount of $200,000.

The facts involved here are as follows:

1. The widow, Marjory M. Hall, was born November 17, 1936.

2. The decedent, Jasper Wallace Hall, was born March 2, 1934.

3. The marriage took place on December 26, 1951, in South Carolina.

4. Judith Marie Hall, the child of this couple, was born December 2, 1952.

5. The death of Jasper Wallace Hall took place on March 20, 1953.

6. The widow reached the age of 18 on November 17, 1954, and the age of 21 on November 17, 1957.

7. The administrator was appointed on February 18, 1958.

8. The action was commenced in this court on November 7, 1958.

9. The widow is a resident of Charleston, South Carolina.

■ The California Wrongful Death Statute, upon which this action is predicated, allows suit by the heirs or personal representatives of decedent. Section 377 of the California Code of Civil Procedure. Under California law, such an action must be commenced within one year from the decedent's death. Section 340, subd. 3, California Code of Civil Procedure; Marks v. Reissinger, 1917, 35 Cal.App. 44, 169 P. 243. However, the statute is tolled during the minority of the person entitled to sue. Section 352 of the California Code of Civil Procedure.

Section 25 of the California Civil Code reads in part as follows:

"Minors are all persons under 21 years of age; * * * provided further, that any person who has reached the age of 18 years and thereafter contracts a lawful marriage, or who has contracted a lawful marriage and thereafter reaches the age of 18 years, shall in the first instance upon contracting such marriage, and in the second instance upon reaching the age of 18 years, be of the age of majority and be deemed an adult person for the purpose of entering into any engagement or transaction respecting property or his estate, or for the purpose of entering into any contract, or for the purpose of maintaining or defending an action affecting his marital status, including therein any action or proceeding involving his support or the support or custody of children of the marriage, or determination of property rights, the same as if he were 21 years of age.
* * * *"

Defendant's argument in support of its motion may be summarized as follows:

1. The one-year California statute of limitations for the bringing of a wrongful death action is applicable here.

2. By virtue of Section 25 of the California Civil Code, Marjory M. Hall, the widow, attained her majority on November 17, 1954, her eighteenth birthday.

3. This action became time-barred on November 17, 1955, one year after Marjory M. Hall reached her eighteenth birthday.

4. The action of the daughter, Judith Marie Hall, became barred at the same time as that of the widow.

The plaintiffs, in opposition to this motion, contend:

1. That the law of the forum, New York, determines the tolling of the statute of limitations due to infancy and that, therefore, the statute did not commence to run until November 17, 1957, when Marjory M. Hall reached the age of 21. See New York Civil Practice Act, § 60.

2. That even under the California statutes, the running of the statute of limitations would not commence until Mrs. Hall became 21.

3. That even if the widow's action is time-barred, the action of the daughter is not.

■ While the California courts have interpreted the one-year statute of limitations on wrongful death actions to be procedural rather than an inherent part of the right to recovery (see Wohlgemuth v. Meyer, 1956, 139 Cal.App.2d 326, 293 P.2d 816, 818), the one-year California statute is clearly applicable here by reason of Section 13 of the New York Civil Practice Act, which reads in part as follows:

"Where a cause of action arises outside of this state, an action cannot be brought in a court of this state to enforce such cause of action after the expiration of the time limited by the laws either of this state or of the state or country where the

cause of action arose, for bringing an action upon *the* cause of action, except that where the cause of action originally accrued in favor of a resident of this state, the time limited by the laws of this state shall apply. * * * "

In applying the California statute of limitations, this court must apply all of its "accouterments," including its tolling provisions and its rules on infancy. See American Surety Company of New York v. Gainfort, 2 Cir., 1955, 219 F.2d 111, 112; Moore v. Roschen, D.C.S.D.N.Y.1950, 93 F.Supp. 993, 994.

In the Moore case, supra, Section 60 of the New York Civil Practice Act, tolling the running of the statute of limitations during certain disabilities including infancy, was held to be inapplicable to an action brought in this court by a non-resident infant-plaintiff for personal injuries sustained in Pennsylvania. In granting a motion for summary judgment, the court concluded that the infant-plaintiff's cause of action was barred under the Pennsylvania statute of limitations and that Section 60 of the New York Civil Practice Act could not enlarge the time prescribed by Pennsylvania, where the cause of action arose.

Similarly, in the case at bar, if, as the defendant contends, this action would be time-barred in California, where the cause of action arose, it is time-barred in New York as well.

The pertinent law with respect to the one-year California statute of limitations may be recapitulated as follows:

1. A woman who lawfully marries prior to the age of 18 attains her majority upon reaching that age. California Civil Code, § 25.

2. An action on behalf of a widow for the wrongful death of her husband must be commenced within one year after her attaining majority. Haro v. Southern Pac. R. Co., 1936, 17 Cal. App.2d 594, 62 P.2d 441; see also Caraway v. Burns, 1956, 143 Cal.App.2d 327, 299 P.2d 689.

3. An action which is time-barred as to the widow is also time-barred as to infant offspring of the decedent. Haro v. Southern Pac. R. Co., supra; Sears v. Majors, 1930, 104 Cal. App. 60, 285 P. 321. (For similar reasons the causes of action of the administrator herein would also appear to be barred.)

It is clear from the foregoing that under California law, Marjory M. Hall attained her majority on November 17, 1954, when she became 18, and that her cause of action and that of Judith Marie Hall for the death of Jasper Wallace Hall became time-barred on November 17, 1955.

Plaintiffs' contention that the California courts would not apply Section 25 of the California Civil Code to time-bar an action brought by a non-resident, in my opinion, lacks merit. Such a rule might in effect prefer non-residents by permitting them to obtain recoveries in the California courts on claims which under the same circumstances would be outlawed to California residents. The case of Deason v. Jones, 1935, 7 Cal.App.2d 482, 45 P.2d 1025, cited by the plaintiffs, does not support their position. There, the court applied the California infancy rule to bar recovery on a contract entered into by the defendant in California even though previously, while residing in Oklahoma, he had obtained a court decree from that state declaring him to have attained majority for the purpose of transacting business.

Since this action is barred by the applicable statute of limitations, the defendant's motion for summary judgment must be granted.

So ordered.