[Civ. No. 25072. Second Dist., Div. Two. Dec. 21, 1960.]

JAMES EDWARD SMITH, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

Irmas & Rutter and Elizabeth M. Horowitz for Petitioner.

No appearance for Respondent.

William B. McKesson, District Attorney, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Real Party in Interest.

NOURSE, J. pro tem.*—Petitioner is the defendant in an action by which he is charged by the district attorney, through an information, with the violation of section 4234, Business and Professions Code, in that he did furnish to one Linda Phillips (hereinafter called "Phillips"), a minor of the age of 20 years, certain dangerous drugs. His motion made pursuant to section 995 of the Penal Code to set aside the information, having been denied, he here pursuant to section 995a of the Penal Code, seeks a writ of prohibition to restrain the respondent court from proceeding under that information.

The sole question presented is: Was Phillips a minor within the meaning of section 4234 of the Business and Professions Code? The facts are undisputed. The uncontradicted testimony given before the committing magistrate was that Phillips was of the age of 20 years but at the time of the commission of the alleged offense she was a married woman.

Section 4234 of the Business and Professions Code as amended in 1955 reads in part as follows: "Every person who violates any provision of this article . . . by unlawfully furnishing any hypnotic or dangerous drug to a minor is guilty of a felony."

*Assigned by Chairman of Judicial Council.

It is petitioner's contention that Phillips being a married woman at the time the drugs were furnished to her, she was an adult within the meaning of section 25 of the Civil Code.

Section 25 of the Civil Code, so far as pertinent here, reads as follows: "Minors are all persons under 21 years of age; . . . provided . . ., that any person who has reached the age of 18 years and . . . contracts a lawful marriage, . . . shall . . . upon contracting such marriage, . . . be of the age of majority and be deemed an adult person for the purpose of entering into any *engagement or transaction respecting property*. . . ." (Emphasis added.)

Prior to 1927, only females under the age of 18 years were minors. In 1927, section 25 was amended so as to make all persons under 21 years of age minors except that married females over the age of 18 were deemed to be adults for the stated purpose, among others, of entering into any engagement or transaction respecting property or their estate.[1]

Under section 25 of the Civil Code as amended, all persons under 21 years are minors but as to certain of them, those who are married and over the age of 18 years, the disabilities attached to minority are removed for the purposes defined by the statute. Petitioner's contention cannot, therefore, be sustained unless the transaction through which Phillips was furnished the drugs in question is an engagement or transaction respecting property within the meaning of section 25 of the Civil Code.

As all persons deal with a minor at their peril and as upon marriage a child ceases to be subject to parental control (Civ. Code, § 204) and establishes a family of his or her own, it was undoubtedly the intent of the Legislature to permit minors upon marriage, to enter into and be bound by *lawful* engagements or transactions respecting property in order that they be not hindered in the conduct of their affairs by the refusal of other persons to enter into engagements with them because of the fear that they might repudiate their obligations upon the grounds of their minority. It is not, however, reasonable to suppose that it was the intent of the Legislature to give them the status of adults when they attempt to enter into an unlawful engagement.

That it was all persons under the age of 21 years whom the Legislature intended to include within the meaning of the word "minor" as used in section 4234 is indicated by the

---

[1] In 1955 the section was further amended so as to include married males as well as married females.

history of that statute. As originally enacted (Health and Saf. Code, § 29027, as enacted in 1945, Stats. 1945, ch. 1193) the statute provided that a person furnishing hypnotic or dangerous drugs to a minor should "be punished as for contributing to the delinquency of a minor." It thus expressly made the offender subject to prosecution under the provisions of section 702 of the Welfare and Institutions Code which included as a minor any person under the age of 21 years. Under section 702 of the Welfare and Institutions Code a person contributing to the delinquency of a minor was guilty of a misdemeanor. In 1955, the statute, which was then section 4234, Business and Professions Code, was amended so as to make the violation of it a felony, thus adding an additional deterrent to persons violating the statute through dealings with minors. It is not reasonable to suppose that the Legislature in attempting to deter persons from involving minors in these violations of the law intended to exclude as minors any persons who had been encompassed within the meaning of the statute as it existed before this amendment.

In short, we hold that all persons under the age of 21 years are minors within the meaning of section 4234 of the Business and Professions Code.

The rule that where a statute is reasonably susceptible of two constructions, that which is most favorable to the offender will be adopted (*In re Tartar*, 52 Cal.2d 250 [339 P.2d 553]) is not applicable here for the statute in question is not, as we have pointed out, reasonably susceptible of the construction which petitioner would place upon it.

The alternative writ heretofore issued is discharged and peremptory writ is denied.

Fox, P. J., and Ashburn, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied February 15, 1961. Schauer, J., and Peters, J., were of the opinion that the application should be granted.