[Civ. No. 229. Fifth Dist. Mar. 22, 1963.]

Estate of FLORENCE LAIRD, Deceased. KAREN BIS-CHOFF, Petitioner and Appellant, v. LILAS W. SVENDSEN, as Special Administratrix, etc., Respondent.

Mack, Bianco, King, Eyherabide, Means & Cooney and Henry C. Mack for Petitioner and Appellant.

No appearance for Respondent.

BROWN (R. M.), J.—Appellant, the 19-year-old married daughter of the deceased, filed her petition for letters of administration of her mother's estate. The husband of the deceased failed to apply for letters and did not contest the proposed appointment of appellant (Prob. Code, § 427). The trial court found that while appellant was, by education, training and otherwise, qualified to act as administratrix, she was disqualified because she had not reached the age of majority.

The question before us is whether or not a person lawfully married, over the age of 18 years and under the age of 21 years, is disqualified to act as administrator of an estate because such person is under 21 years of age.

Probate Code section 401 provides, ''No person is competent to serve as an executor or executrix who is under the age of

majority, . . . . Marriage does not disqualify a woman from serving as executrix.''

Probate Code section 420 sets forth the same qualifications for administrators and administratrices.

Civil Code section 25 defines a minor as follows: ''. . . all persons under 21 years of age; . . . provided further, that any person who has reached the age of 18 years and thereafter contracts a lawful marriage, . . . shall . . . *be of the age of majority* and be deemed an adult person for the purpose of entering into any engagement or transaction respecting property or his estate, or for the purpose of entering into any contract, or for the purpose of maintaining or defending an action affecting his marital status, including . . . determination of property rights, the same as if he were 21 years of age.'' (Italics ours.)

Minors are also defined specifically as those persons under 21 years of age in Civil Code section 1155 subdivision (a) under the Gifts of Securities to Minors Act, and in Welfare and Institutions Code section 7050 with reference to ''psychopathic delinquents.'' (See *Smith* v. *Superior Court*, 187 Cal.App.2d 609 [10 Cal.Rptr. 1].)

The construction of Civil Code section 25 requires that the statute of limitations prevails against a married woman between the ages of 18 and 21 years, that she has an adult status and that she cannot have a guardian; that if there is such a guardian, such guardianship terminates upon her lawful marriage (Prob. Code, § 1590). (See *Caraway* v. *Burns*, 143 Cal.App.2d 327 [299 P.2d 689] ; *Guardianship of Jacobson*, 30 Cal.2d 312 [182 P.2d 537].)

As Civil Code section 204 terminates parental authority of a minor on her marriage, it is not reasonable to suppose that the Legislature intended to exclude an otherwise qualified married person between the ages of 18 and 21 years from acting as an administrator of an estate.

In a comparable situation, the court in *Vlasak* v. *Vlasak*, 204 Minn. 331 [283 N.W. 489], said: ''If there is need for construction, which we doubt, it should not result in absurdity. . . . Counsel for plaintiff are right in concluding that neither . . . nor any legislature could have intended to mar our law with such a blemish of unworkable anomaly.''

In *Smith* v. *Superior Court, supra,* at page 611, the court stated: ''. . . it was undoubtedly the intent of the Legislature to permit minors upon marriage, to enter into and be bound by *lawful* engagements or transactions respecting property in order that they be not hindered in the conduct of their affairs

by the refusal of other persons to enter into engagements with them because of the fear that they might repudiate their obligations upon the grounds of their minority.''

Under the exceptions contained in Civil Code section 25, it can be further stated that such a person is expressly authorized to enter into any engagement or transaction respecting property or her estate or for the purpose of entering into any contract; and further, to maintain an action affecting marital status, including acts involving support, custody or determination of property rights.

█ The phrase ''transactions respecting property'' has been given a broad meaning in *Haro* v. *Southern Pac. R. R. Co.*, 17 Cal.App.2d 594 [62 P.2d 441]. (See also *Hunt* v. *Authier*, 28 Cal.2d 288, at pages 295-296 [169 P.2d 913, 171 A.L.R. 1379].)

Such a person otherwise qualified who may have no interest in the estate but named as executor or executrix, has a property right for fees for his services (Prob. Code, §§ 900-904), such involving a transaction respecting real or personal property. The engagement or transaction respecting property does not necessarily have to be his or her property, under section 25 of the Civil Code.

The order is reversed and the trial court is instructed to issue letters of administration to the appellant.

Conley, P. J., and Stone, J., concurred.