[Civ. No. 27434. Second Dist., Div. Two. Nov. 15, 1963.]

Estate of JESSIE LOU GIBSON, Deceased. JAMES MICHAEL GIBSON, Objector and Appellant, v. ANDREW MILLER, Petitioner and Respondent.

Eric A. Rose for Objector and Appellant.

No appearance for Petitioner and Respondent.

FOX, P. J.—This is an appeal taken by the husband of the deceased from an order denying a petition for letters of administration by reason of the fact that petitioner was at the time of filing the petition under the age of 21.

On January 3, 1963, Andrew Miller, the father of the deceased, Jessie Lou Gibson, filed a petition for letters of administration of his daughter's estate. On January 24, 1963, James Michael Gibson, surviving spouse of the deceased, filed his petition for letters of administration of his deceased wife's estate. Both petitions were heard together and after submission the court granted the petition of the father, Andrew Miller, based upon a Los Angeles County Probate Policy Memorandum No. 113, which in effect denies the right to administer an estate to a person unless he is over 21, regardless of the fact that he may be married.

Under Probate Code section 401, "No person is competent to serve as an executor or executrix who is under the age of majority. ..." Under Civil Code section 25 a person is a minor until reaching the age of 21, except that a person who has reached the age of 18 and is married is considered an adult for certain purposes. Our problem is whether the purposes listed in section 25 include the administration of a deceased spouse's estate. Probate Policy Memorandum of Los Angeles County, No. 113, says section 25 does not allow such person to probate an estate and interprets the section as follows: "Section 25 of the Civil Code, providing that a person who has contracted a lawful marriage and is of the age of eighteen or over shall be deemed to be an adult for certain purposes, does not qualify such person to act as an executor or administrator prior to the age of twenty-one."

The issue in the instant case is whether a husband under the age of 21 but over 18 is considered an "adult" under Civil Code section 25, for the purpose of administering his deceased wife's estate. If petitioner, James Michael Gibson, is an "adult" for such purposes then, under Probate Code section 422, subdivision (1), he had priority to administer the estate, and if otherwise qualified should have been appointed. The court has very limited discretion in this matter and generally must appoint a qualified person

with the highest priority. (See *Estate of Berry,* 56 Cal.App. 2d 621, 624 [132 P.2d 836]; *Estate of Meier,* 165 Cal. 456, 459-460 [132 P. 764, Ann.Cas. 1914D 121, 48 L.R.A. N.S. 858].) ▇ And no facts are presented or contention made that petitioner would be otherwise disqualified.

Civil Code section 25 provides that: "Minors are all persons under 21 years of age; provided ... that any person who has reached the age of 18 years and thereafter contracts a lawful marriage, or who has contracted a lawful marriage and thereafter reaches the age of 18 years, shall in the first instance upon contracting such marriage, and in the second instance upon reaching the age of 18 years, be of the age of majority and be *deemed an adult person for the purpose of entering into any engagement or transaction respecting property* or his estate, or for the purpose of entering into any contract, or for the purpose of maintaining or defending an action affecting ... *determination of property rights,* the same as if he were 21 years of age. Subsequent judgment or annulment of such marriage shall not deprive such person of his adult status once attained under the foregoing provision. ..." (Italics added.)

The older versions of this section applied only to females who were over 18 years of age and married, but in 1955 it was amended to its present form and now applies to both females and males. There is no doubt that the petitioner comes under this section. The question is whether the purposes for which section 25 has made the petitioner an adult are broad enough to include administering his deceased wife's estate. ▇ The Legislature may exercise its judgment in fixing the age of majority for particular purposes, granting such status for some situations and withholding it in others. (*In re Herrera,* 23 Cal.2d 206, 213 [143 P.2d 345].) ▇ More specifically, the question is whether the words "engagement or transaction respecting property" include the administering of an estate.

While the words "engagement or transaction respecting property" do not have unlimited application (see, e.g., *Smith* v. *Superior Court,* 187 Cal.App.2d 609, 611 [10 Cal. Rptr. 1]), they have generally been given a broad interpretation. (See *Haro* v. *Southern Pac. R.R. Co.,* 17 Cal.App.2d 594 [62 P.2d 441]; *Guardianship of Jacobson,* 30 Cal.2d 312 [182 P.2d 573]; *Caraway* v. *Burns,* 143 Cal.App.2d 327 [299 P.2d 689].) In *Hunt* v. *Authier,* 28 Cal.2d 288, 296 [169 P.2d 913, 171 A.L.R. 1379], the court said: " ' "In modern legal

systems, property includes practically all valuable rights. The term is indicative and descriptive of every possible interest which a person can have, extends to every species of valuable right or interest, and comprises a vast variety of rights.'' ' '' In other context the term ''transaction'' has also been given a comprehensive meaning by the cases. (*Colla* v. *Carmichael U-Drive Autos, Inc.*, 111 Cal.App.Supp. 784, 786 [294 P. 378] ; *California Trust Co.* v. *Cohn*, 214 Cal. 619, 625 [7 P.2d 297].)

In *Estate of Laird*, 214 Cal.App.2d 387 [29 Cal.Rptr. 470],[1] it was held that a person in petitioner's situation could act as an administrator. In that case the appellant was the 19-year-old married daughter of the deceased who had her petition for letters of administration denied because she had not reached majority. The court reversed and directed that letters of administration be issued. It framed the issue as ''whether or not a person lawfully married, over the age of 18 years and under the age of 21 years, is disqualified to act as administrator of an estate because such person is under 21 years of age.'' (P. 387.) The court went on to say: ''As Civil Code section 204 terminates parental authority of a minor on her marriage, it is not reasonable to suppose that the Legislature intended to exclude an otherwise qualified married person between the ages of 18 and 21 years from acting as an administrator of an estate.'' (P. 388.) As to the interpretation of section 25 the court said that ''The phrase 'transactions respecting property' has been given a broad meaning. . . . Such a person otherwise qualified who may have no interest in the estate but named as executor or executrix, has a property right for fees for his services. ... The engagement or transaction respecting property does not necessarily have to be his or her property, under section 25 of the Civil Code.'' (P. 389.)

Civil Code section 25 should be interpreted broadly enough to make petitioner an ''adult'' for purposes of administering the estate of his deceased wife. He would therefore have reached the age of majority within the meaning of Probate Code section 401.

The order is reversed.

Herndon, J., concurred.

---

[1]This decision was rendered subsequent to the order here under review.